UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-60333-CIV-ROSENBAUM/HUNT

HOSSAM WAZIRY,

       Plaintiff,

v.

HR CLUB MANAGEMENT, LLC,
and SEMINOLE NIGHT CLUB LLC,

       Defendants.
_____/

## ORDER DENYING MOTION TO DISMISS

This matter is before the Court upon Defendant HR Club Management, LLC's Motion to Dismiss First Amended Complaint [D.E. 16]. The Court has considered all supporting and opposing filings and the record in this case. For the reasons set forth below, the Court denies Defendant HR Club Management, LLC's Motion to Dismiss First Amended Complaint [D.E. 16].

### BACKGROUND

On February 11, 2013, Plaintiff filed a Complaint against Defendant HR Club Management, LLC, and other Defendants, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, the Age Discrimination in Employment Act, 29 U.S.C. § 626, *et seq.*, ("ADEA"), and Florida law. D.E. 1 at 1-2. Plaintiff alleges that he faced sexual harassment, sexual discrimination, and age discrimination during the course of his employment as the head of security at the Opium night club located in the Hard Rock Hotel in Broward County, Florida. *Id.* at 3-13. In addition, Plaintiff asserts that his employment was terminated because of his complaints about this

harassment and discrimination. *Id.* at 13-17.

After Plaintiff filed his Complaint, the parties stipulated to the dismissal of all of the original Defendants except for HR Club Management, LLC, because none of the other Defendants had ever operated the Opium night club. *See* D.E. 10. Plaintiff then filed his First Amended Complaint against HR Club Management, LLC, and a new Defendant, Seminole Night Club LLC, alleging the same violations as his original Complaint. D.E. 11. As of July 24, 2013, Defendant Seminole Night Club LLC has yet to make an appearance in the case.

Defendant HR Club Management, LLC, however, filed a Motion to Dismiss Plaintiff's First Amended Complaint. D.E. 16. Defendant claims that Plaintiff's First Amended Complaint should be dismissed for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Id.* at 1. Specifically, Defendant argues that no Defendants ever hired Plaintiff as an "employee," but rather, he was hired as an independent contractor. *Id.* at 3-6. Because the employer-employee relationship must exist both to find jurisdiction and to state a claim under the statutes that Plaintiff uses to bring his federal claims, Defendant reasons, these federal claims must be dismissed. *Id.* Defendant also contends that the Court should dismiss the pendent state law claims once all federal claims have been dismissed. *Id.* at 6.

Plaintiff responds that Defendant's factual attack on subject-matter jurisdiction under Rule 12(b)(1) implicates an element of the cause of action—*i.e.*, whether Plaintiff is an employee or independent contractor. As a result, Plaintiff argues that Defendant's Rule 12(b)(1) motion is actually an attack on the merits of Plaintiff's case under Rule 12(b)(6), and, therefore, unlike with a Rule 12(b)(1) motion, the Court cannot consider materials outside of the four corners of the

Complaint when ruling on Defendant's Motion to Dismiss. D.E. 17 at 3. Both Defendant and Plaintiff attach affidavits and other exhibits in support of their arguments. Plaintiff claims that Defendant's affidavits are unpersuasive because they were made by employees of Seminole Night Club LLC and not the moving party, HR Club Management, LLC; because they are not based on personal knowledge; and because they do not provide sufficient evidentiary support that Plaintiff is an independent contractor and not an employee. *Id.* at 8-11.

## DISCUSSION

Defendant moves to dismiss Plaintiff's First Amended Complaint under Rules 12(b)(1) and 12(b)(6), Fed. R. Civ. P. D.E. 16 at 1. Under both Title VII and the ADEA, whether the Plaintiff is an "employee" bears both on subject-matter jurisdiction and the substantive claim for relief. *See Turcios v. Delicias Hispanas Corp.*, 275 F. App'x 879, 881 (11th Cir. 2008) ("'employer' status under the Age Discrimination in Employment Act ('ADEA') is a jurisdictional issue that is intertwined with the merits of an ADEA claim"); *Garcia v. Copenhaver, Bell & Associates, M.D.'s, P.A.*, 104 F.3d 1256, 1266 (11th Cir. 1997) ("the determination of whether [the defendant] is an 'employer' under ADEA provides the basis for both subject matter jurisdiction and the substantive claim for relief"); *Llampallas v. Mini-Circuits, Lab, Inc.*, 163 F.3d 1236, 1242 (11th Cir. 1998) (treating claims about whether plaintiff was an "employee" and defendant an "employer" under Title VII as jurisdictional ones); *see also Morton v. Astrue*, 380 F. App'x 892, 894 (11th Cir. 2010) ("[The Eleventh Circuit has] adapted principles of law applicable to cases arising under Title VII to issues of age discrimination under the ADEA.") (citing *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 919 (11th Cir.1993)).

A district court should decide a motion to dismiss under Rule 12(b)(1) only "'[i]f the facts necessary to sustain jurisdiction do not implicate the merits of plaintiff's cause of action.'" *Turcios*, 275 F. App'x at 880 (quoting *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003)). However, when the facts necessary to sustain jurisdiction are necessarily intertwined with the merits of the cause of action, "'the proper course of action for the district court is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case.'" *Id.*

Here, Defendant moves to dismiss Plaintiff's First Amended Complaint because, Defendant claims, Plaintiff is not an "employee" under either Title VII or the ADEA. Because the issue of whether Plaintiff meets the definition of "employee" under these statutes is a question concerning both jurisdiction and a substantive element of the cause of action at issue here, the Court cannot consider Defendant's Motion as a 12(b)(1) Motion, but must instead conclude that jurisdiction exists and address Defendant's argument as a direct attack on the merits. *See Turcios*, 275 F. App'x at 881 (quoting *Morrison*, 323 F.3d at 929-30) (quotation marks omitted).

Defendant also brought its Motion to Dismiss under Rule 12(b)(6). Both parties filed numerous exhibits, including affidavits, in support of and in response to the Motion. But a court may not consider extrinsic evidence outside of the pleadings when ruling on a 12(b)(6) motion, unless the court elects to treat the motion as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d); *see also Shuler v. Bd. of Trustees of Univ. of Alabama*, 480 F. App'x 540, 543 (11th Cir. 2012) (converting 12(b)(6) motion to motion for summary judgment upon consideration of extrinsic evidence for Title VII and ADEA claims); *Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1267 (11th Cir. 2002) ("Whenever a judge considers matters outside the pleadings in a 12(b)(6) motion, that motion is thereby converted into a Rule 56 Summary Judgment motion"). Without the materials

filed in support of Defendant's Motion to Dismiss, no basis for granting the Motion to Dismiss exists. Therefore, the Court denies Defendant's Motion to Dismiss.

The Court also declines to convert the motion into one for summary judgment because such a motion would be premature at this stage in the litigation. Discovery has only recently begun, and the deadline to complete all fact discovery is February 3, 2014, with the deadline to complete all expert discovery being April 3, 2014. *See* D.E. 26. At least some discovery may well reveal further evidence relevant to the issue of whether Plaintiff is an employee or an independent contractor.

### *CONCLUSION*

Accordingly, it is **ORDERED and ADJUDGED** that Defendant HR Club Management, LLC's Motion to Dismiss First Amended Complaint [D.E. 16] is **DENIED**.

**DONE** and **ORDERED** at Fort Lauderdale, Florida, this 24th day of July 2013.

_____
ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of record